UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CORNELIUS BROWN,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>NDOC, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 3:22-cv-00434-MMD-CLB<br><br>ORDER |

On September 27, 2022, *pro se* Plaintiff Cornelius Brown, an inmate in the custody of the Nevada Department of Corrections ("NDOC"), submitted an incomplete application to proceed *in forma pauperis* ("IFP Application"), NDOC Improper Grievance Memos, and a motion for the appointment of counsel. (ECF Nos. 1-1, 3, 4.) On October 13, 2022, in a prescreening order, this Court instructed Plaintiff that his NDOC Improper Grievance Memos did "not comply with Local Special Rule 2-1" and ordered (1) the Clerk of the Court to send Plaintiff the approved form for filing a 42 U.S.C. § 1983 complaint with instructions, and (2) Plaintiff to submit an actual complaint on or before December 12, 2022. (ECF No. 5 at 2.) And because Plaintiff failed to include his inmate trust fund account statement for the previous six-month period with his application, this Court also ordered Plaintiff to file a complete IFP Application or pay the $402 filing fee on or before December 12, 2022. (*Id.*) The Court cautioned Plaintiff "that this action will be subject to dismissal without prejudice if Plaintiff fails to timely comply with this order." (*Id.* at 3.) The Clerk of Court sent Plaintiff the approved form for filing a 42 U.S.C. § 1983 complaint with instructions when it sent Plaintiff the prescreening order. (ECF No. 5-1.)

In response, on November 3, 2022, Plaintiff filed proposed summons, a new financial certificate, his inmate trust fund account statement for the previous six-month

period, NDOC Improper Grievance Memos, and NDOC Informal Grievances. (ECF No. 6.) Because Plaintiff timely filed his inmate trust fund account statement for the previous six-month period, his IFP Application has been completed. (ECF Nos. 4, 6.) However, this Court will not revisit its previous denial of Plaintiff's IFP Application (ECF No. 5 at 2) because it is moot in light of the fact that Plaintiff has not filed a complaint and his deadline for doing so has now passed without Plaintiff moving for an extension.

District courts have the inherent power to control their dockets, and "[i]n the exercise of that power[,] they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of this action. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider

dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

Because this action cannot realistically proceed until and unless Plaintiff files a complaint, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception. There is no hint that Plaintiff needs additional time, indication that this Court's prescreening order was unclear, or evidence that Plaintiff did not receive this Court's prescreening order. Indeed, this Court gave Plaintiff adequate time—60 days—to comply, Plaintiff again submitted NDOC grievance memos even though this Court explained in the prescreening order that such memos could not take the place of a complaint, and Plaintiff partially complied with the Court's prescreening order by submitting his six-month account statement, indicating that he received the prescreening order and attached approved form for filing a 42 U.S.C. § 1983 complaint with instructions. Given these circumstances, setting another deadline is not a meaningful alternative, so the fifth factor favors dismissal.

In sum, having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file a complaint in compliance with this Court's October 13, 2022, order.

It is further ordered that Plaintiff's motion for appointment of counsel (ECF No. 3) is denied as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Plaintiff wishes to pursue his claims, he must file an application to proceed *in forma pauperis* and a complaint in a new case.

DATED THIS 20th Day of December 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE